UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JOEY DIX, on his own behalf
and others similarly situated,

    Plaintiff,

v.

AMERICAN NETWORK CONSTRUCTION,
LLC, a Florida Limited Liability Company,
and EDWARD RENZULLI, individually,

    Defendants.
_____/

## COMPLAINT

1. Plaintiff, JOEY DIX (hereinafter referred to as "Plaintiff"), was an employee of Defendants, AMERICAN NETWORK CONSTRUCTION, LLC, a Florida limited liability company, and EDWARD RENZULLI, individually, and brings this action on behalf of himself and other current and former similarly situated employees for overtime compensation, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

2. Plaintiff, JOEY DIX ("Plaintiff"), was an employee of Defendants, AMERICAN NETWORK CONSTRUCTION, LLC and EDWARD RENZULLI, and performed his duties in Fort Lauderdale, Broward County, Florida, which is within the jurisdiction of this Court.

3. Defendant, AMERICAN NETWORK CONSTRUCTION, LLC, is a Florida limited liability company with a principal place of business in Fort Lauderdale, Broward County, Florida, which is within the jurisdiction of this Court.

4. At all times material hereto, EDWARD RENZULLI, was and is an individual resident of the State of Florida, who owns, manages, and/or operates AMERICAN NETWORK

CONSTRUCTION, LLC, and regularly exercised the authority to hire and fire employees, determine the work schedules of employees, set the rate pay of employees, and control the finances and operations of AMERICAN NETWORK CONSTRUCTION, LLC. By virtue of such control and authority, EDWARD RENZULLI, is an employer as such term is defined by the FLSA. 29 U.S.C. 201 et seq.

5. This action is brought to recover from Defendants overtime compensation, liquidated damages, and costs and reasonable attorney's fees under the provisions of Title 29 U.S.C. § 216 (b).

6. At all times pertinent to this Complaint, Defendant, AMERICAN NETWORK CONSTRUCTION, LLC, regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

7. At all times material to this Complaint, Defendant, AMERICAN NETWORK CONSTRUCTION, LLC, had two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

8. Based upon information and belief, the annual gross sales volume of Defendant, AMERICAN NETWORK CONSTRUCTION, LLC, was in excess of $500,000.00 per annum at all times material hereto.

9. At all times pertinent to this Complaint, Defendant, AMERICAN NETWORK CONSTRUCTION, LLC, was an enterprise engaged in commerce or in the production of goods for commerce as defined by §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

10. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

11. Venue is proper pursuant to 28 U.S.C. §1391. The Court has jurisdiction over the Defendants, and in regard to Plaintiff and any other plaintiffs joining this lawsuit.

12. The records, if any, concerning the number of hours actually worked, and the compensation actually paid to Plaintiff and other similarly situated employees are in the possession and custody of Defendants.

13. Plaintiff has retained the undersigned counsel to represent him in this action. Pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorney's fees and costs incurred in this action.

14. Plaintiff demands a jury trial.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

15. Plaintiff realleges and adopts the allegations in paragraphs 1 through 14 as if fully set forth herein.

16. During Plaintiff's employment, he was titled a "Construction Manager", and was mis-classified as exempt from the overtime provisions of the FLSA.

17. Plaintiff's primary duties were non-exempt in nature, and included receiving repair requests from tenants and performing building maintenance and repairs.

18. Plaintiff regularly worked over forty (40) hours during one or more work weeks during his employment.

19. At all times pertinent to this Complaint, Defendants failed to comply with 29 U.S.C. § 201-209, in that Plaintiff and other similarly situated employees performed services for Defendants for which no provisions were made by the Defendants to properly pay them for those hours worked in excess of forty (40) within a work week.

20. Plaintiff and all the other similarly situated employees are entitled to be paid time and one-half of their regular rates of pay for each hour worked in excess of forty (40) hours per work week.

21. In the course of employment with Defendants, Plaintiff and other similarly situated employees were not paid time and one-half of their regular rates of pay for all hours worked in excess of forty (40) hours per week during one or more work weeks.

22. Instead, Defendants compensated Plaintiff with a flat weekly salary, with no additional compensation for the overtime hours he worked.

23. The additional persons who may become Plaintiffs in this action are Defendants' current and former salaried, misclassified employees, however titled, who worked overtime hours during or November 2012, but were not compensated for those overtime hours worked.

24. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff and all the other similarly situated employees have suffered damages, plus incurred costs and reasonable attorney's fees.

25. As a result of Defendants' willful violation of the Act, Plaintiff and the other similarly situated employees are entitled to liquidated damages.

WHEREFORE, Plaintiff, JOEY DIX, and other similarly situated employees, demand judgment against Defendants, AMERICAN NETWORK CONSTRUCTION, LLC and EDWARD RENZULLI, jointly and severally, for the payment of all overtime hours at one and one-half times their regular rate of pay, liquidated damages and reasonable attorney's fees and costs of suit, and such further relief that this Court deems just and appropriate.

Dated: November 24, 2015
Boca Raton, Florida

Respectfully submitted,

CAMAR R. JONES (Fla. Bar No. 720291)
Email: cjones@shavitzlaw.com

SHAVITZ LAW GROUP, P.A.
1515 S. Federal Hwy, Suite 404
Boca Raton, Florida 33432
Tel: (561) 447-8888; Fax: (561) 447-8831
Attorneys for Plaintiff

# CONSENT TO JOIN FORM

      1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), <u>American Network Construction, LLC</u>, and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

      2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement. I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

      3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:
*Joey Dix*
—4C0D2220FCD94D2...
_____
Signature

Joey Dix
_____
Print Name