UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:15-cv-62484-WJZ

JOEY DIX, on his own behalf
and others similarly situated,

    Plaintiff,

v.

AMERICAN NETWORK CONSTRUCTION,
LLC, a Florida Limited Liability Company,
and EDWARD RENZULLI, individually,

    Defendants.
_____/

## JOINT MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT, AND DISMISSAL WITH PREJUDICE

    Plaintiff, JOEY DIX, and Defendants, AMERICAN NETWORK CONSTRUCTION, LLC and EDWARD RENZULLI, by and through their undersigned attorneys, hereby notify the Court of their settlement of this case subject to and conditioned on the relief sought herein.

### APPROVAL OF SETTLEMENT AGREEMENT

    1.    This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). The claim involves numerous contested issues of fact and law concerning the Plaintiff's claim. Defendants deny and dispute liability, damages entitlement and calculations of Plaintiff's claims. Plaintiff contends there are bona fide disputes as to whether Defendants paid him at time and one half his regular rate of pay for all overtime hours he worked.

    2.    In light of the apparent risk and expense to both parties in continuing with the litigation, the parties, through their authorized representatives and counsel of record, have reached a fair and reasonable, settlement. At all times relevant to this action, the Plaintiff has

been represented by the Shavitz Law Group, P.A., and has had the benefit of its counsel and advice.

3. A settlement agreement was negotiated on behalf of all of the parties, the terms of which reflect a reasonable compromise of the parties' many disputed issues. The agreement fairly and reasonably compromises and takes into account each party's interest, benefits, and rights, pursuant to the criteria and policy considerations set forth in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1354 (11th Cir. 1982). The award of attorneys' fees and costs fully satisfies Plaintiff's obligation for same, and no portion of Plaintiff's settlement funds will be attached. There was no undue influence, collusion, intimidation or overreaching involved in the parties effectuating this settlement.

4. The settlement agreement is, however, conditioned on the Court's approval of the settlement and subsequent dismissal of this action with prejudice. A copy of the Agreement is appended hereto as "Attachment 1."

## DISMISSAL OF LITIGATION

Finally, the parties request that the Court dismiss the action with prejudice, if it approves the settlement agreement. A proposed order to accomplish 1) approval of the settlement agreement; and 2) dismissal of the litigation, is submitted herewith and also under separate cover for the Court's convenience.

WHEREFORE, the parties hereby respectfully move for approval of the settlement and for entry of order reflecting their agreement to dismiss this action with prejudice. The parties also request that the Court retain jurisdiction to enforce the provisions of the settlement agreement.

Respectfully submitted this 4th day of February, 2016.

| /s/ Camar R. Jones<br>Camar R. Jones<br>Florida Bar No. 720291<br>E-mail: cjones@shavitzlaw.com<br>**SHAVITZ LAW GROUP, P.A.**<br>1515 S. Federal Hwy., Suite 404<br>Boca Raton, Florida 33432<br>Telephone: 561-447-8888<br>Facsimile: 561-447-8831<br><br>***Attorney for Plaintiff*** | /s/ Arthur R. Rosenberg<br>Arthur R. Rosenberg<br>Florida Bar No.: 325805<br>**ROSENBERG & PINSKY**<br>6499 North Powerline Road, Suite 304<br>Fort Lauderdale, FL 33309<br>Telephone: (954) 772-5151<br>Facsimile: (954) 772-4224<br><br>***Attorney for Defendant*** |
|---|---|