UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:15-cv-62484-WJZ

JOEY DIX, on his own behalf
and others similarly situated,

    Plaintiff,

v.

AMERICAN NETWORK CONSTRUCTION,
LLC, a Florida Limited Liability Company,
and EDWARD RENZULLI, individually,

    Defendants.
_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASES

Plaintiff, JOEY DIX ("Plaintiff"), and Defendants, AMERICAN NETWOK CONSTRUCTION, LLC and EDWARD RENZULLI (collectively, "Defendants"), hereby agree upon this settlement ("Settlement" or "Agreement") of all issues involved in the above-styled case as follows:

### Recitals and Definitions

a.     The "action" shall mean <u>Joey Dix v.</u> AMERICAN NETWOK CONSTRUCTION, LLC and EDWARD RENZULLI, case number: 0:15-cv-62484-WJZ, pending in the United States District Court for the Southern District of Florida.

b.     "Plaintiff" shall mean, JOEY DIX, his heirs, executors, administrators, agents, distributees, attorneys, beneficiaries, successors in interest and assignees.

c.     "ANC", shall mean and include, AMERICAN NETWOK CONSTRUCTION, LLC, its predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and

representatives, in their individual and official capacities, and their heirs and legal representatives.

d.      "RENZULLI" shall mean, EDWARD RENZULLI, his heirs, executors, administrators, agents, distributees, attorneys, beneficiaries, successors in interest and assignees.

## Agreement and General Releases

Each and every recital above is fully and expressly incorporated herein.

1.      The parties hereto recognize that Defendants does not admit, but rather, specifically denies, any liability to Plaintiff, or to anyone else as a result of or growing out of matters set forth in the pleadings of the Plaintiff in the above-entitled cause.

2.      Defendants agree to pay, and Plaintiff and his attorney agree to accept, the total sum of Ten Thousand Six Hundred Twelve Thousand 50/100 dollars ($10,612.50) (the "Settlement Payment"), which shall be delivered to counsel within five (5) days of the Court's approval of this Settlement. The Settlement Sum shall be delivered to Shavitz Law Group, P.A. ("SLG") and made payable to "Shavitz Law Group, P.A. Trust Account." The Settlement Sum shall be apportioned as follows: (a) Five Thousand Six Hundred Twelve and 50/100 Dollars ($5,612.50) to Plaintiff as damages; (b) Five Thousand and 00/100 Dollars ($5,000.000) as attorneys' fees and costs to SLG.

3.      In exchange for the Settlement Payment, and other good and valuable consideration, Plaintiff hereby remises, acquits, releases, satisfies and discharges, Defendants, their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and their past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives, of and from, any and all claims and demands, past, present or future, known or

unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages, judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which Plaintiff and Plaintiff's heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assignees ever had or now have or in the future may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Plaintiff in this action. Notwithstanding the foregoing, this release does not impact, waive or release Plaintiff's worker's compensation claims against Defendants, their worker's compensation insurance carrier, and servicing agent, for the injury dates April 9, 2015 (case number: 15-019333-DAL) and June 30, 2015 (case number: 15-019355-DAL).

    4.    In consideration of dismissal of this action, *with prejudice*, and other good and valuable consideration, Defendants, their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives in their individual and official capacities, and their heirs and legal representatives, hereby remise, acquit, release, satisfy and discharge Plaintiff, his heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assigneees, of and from, any and all claims and demands, past, present or future, known or unknown, and all manner of action and actions, causes of action, suits, administrative proceedings, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, torts, trespasses, damages,

judgments, executions, warranties, claims and demands whatsoever, in law or in equity, which defendant, its predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and its past, present and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives have, or in the future may have by reason of any matter, cause or thing whatsoever from the beginning of the world to the execution of this Agreement, including, but not limited to, any and all claims which were actually asserted, or might have been asserted or could have been asserted by Defendants against Plaintiff, his heirs, executors, administrators, agents, distributees, beneficiaries, successors in interest and assigneees in this action. Plaintiff's dismissal of this action shall not impact, waive or release Plaintiff's worker's compensation claims against Defendants, their worker's compensation insurance carrier, and servicing agent, for the injury dates April 9, 2015 (case number: 15-019333-DAL) and June 30, 2015 (case number: 15-019355-DAL).

5. Plaintiff agrees that Plaintiff has been paid for all hours worked and overtime and minimum wage compensation while employed by Defendants and agrees that Defendants do not owe Plaintiff any other monies with regard to compensation associated for hours worked.

6. Plaintiff agrees to dismiss this action, **with prejudice**, upon the Court's approval of this settlement, unless the action is dismissed by the Court. The Parties agree that the Court will retain jurisdiction to enforce the terms of this Agreement. Dismissal of this action shall not impact, waive or release Plaintiff's worker's compensation claims against Defendants, their worker's compensation insurance carrier, and servicing agent, for the injury dates April 9, 2015 (case number: 15-019333-DAL) and June 30, 2015 (case number: 15-019355-DAL).

7. The parties covenant and agree that they will continue to maintain in strict confidence the terms of this Agreement and shall not disclose such terms or conditions to any

person, though they may provide this agreement to their attorneys and accountants, provided the parties instruct their attorneys and accountants maintain the confidentiality provided herein.

8.   Defendants agree not to disclose the existence or contents of this Agreement or the litigation underlying it to any prospective employer of Plaintiff. If Defendants are contacted by any prospective or current employer of Plaintiff, they shall confirm dates of employment only, and job position, but shall not make disparaging remarks against Plaintiff.

9.   Defendant shall issue a payment to Plaintiff in the amount set forth in Paragraph 2(a) above, net of all withholding taxes, consistent with prior withholdings from Plaintiff's payroll checks. Defendant shall provide a breakdown of all taxes withheld from Plaintiffs payment.

10.  In the event the parties seek to enforce the terms of this Agreement, the prevailing party shall be entitled to attorney's fees and costs, damages, and injunctive relief, if applicable.

11.  This Agreement is to be construed and governed under the laws of the State of Florida and shall bind the parties and their respective heirs, estates, successors and assigns. If any provision is determined by a court of competent jurisdiction to be invalid or unenforceable, the remaining provisions shall continue in full force and effect notwithstanding.

12.  Plaintiff acknowledges that Plaintiff has not previously transferred, assigned or conveyed any right or claim released in this Agreement.

13.  It is further agreed that each party shall bear their, its or his own costs and attorneys' fees, other than what is expressly set forth herein, incurred in the action and in handling the matters covered by this Agreement.

14.  This Agreement is entered into freely and voluntarily by the parties solely to avoid further costs, risks and hazards of litigation and to settle all claims and potential claims and disputes, known or unknown, in a final and binding manner. This Agreement shall not impact,

waive or release Plaintiff's worker's compensation claims against Defendants, their worker's compensation insurance carrier, and servicing agent, for the injury dates April 9, 2015 (case number: 15-019333-DAL) and June 30, 2015 (case number: 15-019355-DAL).

15. Plaintiff understands and agrees that he would not receive the monies and/or benefits specified above, except for his execution of this Agreement and the fulfillment of the promises contained herein.

16. This Agreement cannot be modified, altered or changed except by a writing signed by the parties wherein specific reference is made to this Agreement.

17. Language of all parts of this Agreement shall be construed as a whole according to its fair meaning. The parties agree that this Agreement is the product of joint authorship, and in the event of any ambiguity the Agreement shall not be construed against any party.

**As to Plaintiff:**

Date: /FEB/6

_____
JOEY DIX

**As to Defendant:**
AMERICAN NETWOK CONSTRUCTION, LLC

Date: 2-3-16

By: _____

**As to Individual Defendant:**

Date: 2-3-16

_____
EDWARD RENZULLI